IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GREGORY WILLIAMS, ) | No. C 13-5213 LHK (PR) |
| ) | |
| Plaintiff, ) | ORDER TO RE-OPEN; ORDER |
| ) | OF DISMISSAL WITH LEAVE |
| v. ) | TO AMEND |
| ) | |
| LORI KOHLER, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On December 27, 2013, the court erroneously dismissed this action without prejudice based on plaintiff's failure to timely file a complaint. Thus, the court *sua sponte* re-opens this action and screens plaintiff's complaint. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the court DISMISSES the complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

B.     Legal Claims

In the complaint, plaintiff names Dr. Lori Kohler and Dr. Juan Calzetta as defendants. Dr. Kohler was plaintiff's primary care physician while plaintiff was housed at California Training Facility. Dr. Calzetta was the surgeon who implanted a bovine graft into plaintiff's right leg on April 16, 2010. Plaintiff alleges that between July 2010 through November 2011, plaintiff sought medical care from Dr. Kohler and Dr. Calzetta for a swollen and painful right leg and they both demonstrated deliberate indifference to his serious medical needs. As a result, claims plaintiff, plaintiff contracted Valley Fever.

Plaintiff's complaint is deficient. First, liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't. of Corrections & Rehabilitation*, 726 F.3d 1062, 1068 (9th Cir. 2013). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Here, plaintiff's summary statement that defendants violated his constitutional rights is insufficient. Plaintiff must allege specific facts as to each individual defendant's actions which violated his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Second, in order to state a claim of deliberate indifference, plaintiff must show that: (1) a "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain, *see McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); and (2) the defendant knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to

abate it, *see Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As plaintiff's complaint currently reads, liberally construed, plaintiff at most states a claim of negligence.

Finally, it is not at all clear whether Dr. Calzetta is a state actor. A private individual does not act under color of state law, an essential element of a § 1983 action. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). Simply put: There is no right to be free from the infliction of constitutional deprivations by private individuals. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Here, according to plaintiff, Dr. Calzetta works for Natividad Medical Center, which does not appear to be a state-run facility.

Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint if he can do so in good faith.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend.

2. If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 13-5213 LHK (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile and this action will be dismissed.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

1   4.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
2 court informed of any change of address by filing a separate paper with the Clerk headed "Notice
3 of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to
4 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
5 of Civil Procedure 41(b).

6   IT IS SO ORDERED.

7   DATED: 1/9/14         *Lucy H. Koh*
                           LUCY H. KOH
8                          United States District Judge